J-S13037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL RHOADES | : | |
| | : | |
| Appellant | : | No. 2056 EDA 2022 |

Appeal from the PCRA Order Entered July 26, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0041569-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL RHOADES | : | |
| | : | |
| Appellant | : | No. 2058 EDA 2022 |

Appeal from the PCRA Order Entered July 26, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008038-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL RHOADES | : | |
| | : | |
| Appellant | : | No. 2059 EDA 2022 |

Appeal from the PCRA Order Entered July 26, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008039-2012

J-S13037-23

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: FILED MAY 04, 2023

In this consolidated appeal, Michael Rhoades appeals from the July 26, 2022 order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> On September 25, 2012, [Appellant] entered into a negotiated plea before the Honorable Denis P. Cohen, Judge of the Philadelphia Court of Common Pleas. The plea was to two (2) counts of trafficking of persons, two (2) counts of criminal conspiracy, and one (1) count each of aggravated assault, arson, simple assault, and false imprisonment, stemming from the kidnapping of two victims. [Appellant] received a sentence of fifteen (15) to thirty (30) years of incarceration for Case Nos. CP-51-CR-0008038-2012 and for CP-51-CR-0008039-2012, the two sentences to run concurrent to each other. These convictions stem from the kidnapping, assault, torture, and cover-up against two victims, [A.D.] and [A.H.].
>
> In addition, on November 7, 2012, the Honorable Joan A. Brown, retired Judge of the Philadelphia Court of Common Pleas, sentenced [Appellant], in a violation of probation hearing, to two (2) to four ( 4) years of incarceration for one (1) count each of simple assault and recklessly endangering another person in Case No. MC-51-CR-0041569-2007.
>
> On April 10, 2013, [Appellant] filed a timely **_pro se_** petition for relief under the [PCRA]. Th[e PCRA c]ourt issued a Rule 907 Notice of Dismissal on July 16,

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

2015, finding the PCRA Petition had no merit. This first PCRA was formally dismissed on November 30, 2015 and December 1, 2015. On August 17, 2017, the Superior Court affirmed the dismissal of [Appellant's] PCRA petition. [***Commonwealth v. Rhoades***, 175 A.3d 1084 (Pa.Super. 2017) (unpublished memorandum)].

On September 30, 2019, [Appellant] filed a subsequent PCRA petition. On January 9, 2020, [Appellant] filed an amended PCRA petition. On April 28, 2020, the Commonwealth submitted a letter brief to this Court arguing that [Appellant's] PCRA petition was untimely. On July 13, 2020, [Appellant] filed a letter brief as an answer to the Commonwealth's filing.

On September 22, 2020, th[e PCRA c]ourt filed a Rule 907 Notice of Dismissal. On October 2, 2020 and October 13, 2020, [Appellant] filed responses to the September 22, 2020 Rule 907 Notice of Dismissal. On March 19, 2021, the Commonwealth submitted another letter brief consequent to [Appellant's] responses.

On July 12, 2021, [Appellant] filed an amended PCRA petition. On August 10, 2021, [Appellant] filed another amended PCRA petition. On October 28, 2021, th[e PCRA c]ourt filed a second Rule 907 Notice of Dismissal. On November 10, 2021, [Appellant] filed a response to [the] October 28, 2021 Rule 907 Dismissal.

On February 16, 2022, th[e PCRA c]ourt filed a third Rule 907 Notice of Dismissal. On May 16, 2022 and May 18, 2022, [Appellant filed responses to [the] February 16, 2022 Rule 907 Notice of Dismissal. On May 23, 2022, th[e PCRA c]ourt formally dismissed [Appellant's] PCRA petition. Also on May 23, 2022, [Appellant] filed a subsequent PCRA petition. On June 13, 2022, th[e PCRA c]ourt vacated its May 23, 2022 formal dismissal of the instant PCRA petition.

On July 21, 2022, [Appellant], through counsel, Scott P. Sigman, Esquire, filed a Memorandum of Law in Support of the amended PCRA petition. On July 26, 2022, th[e PCRA c]ourt once again formally dismissed [Appellant's] PCRA Petition.

PCRA court opinion, 12/16/22 at 1-3 (citations, footnotes and extraneous capitalization omitted).

This timely appeal followed on August 6, 2022. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following three claims of counsel's ineffectiveness:

1.   Whether the [PCRA] court erred in denying [Appellant's PCRA petition], by Court Order of July 26, 2022, without affording him an evidentiary hearing since [Appellant's] conviction and sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place?

2.   Whether the [PCRA] court erred in denying [Appellant's PCRA petition], by Court Order of July 26, 2022, without affording him an evidentiary hearing since, under the totality of circumstances, there are genuine issues concerning material facts and legitimate purposes would be served by such hearing?

3.   Whether the [PCRA] court erred in denying [Appellant's PCRA petition], by Court Order of July 26, 2022, without affording him an evidentiary hearing since [Appellant's] petition makes out a ***prima facie*** case warranting such hearing where under the totality of circumstances, trial counsel provided ineffective

assistance that lacked any reasonable basis which prejudiced [Appellant]?

Appellant's brief at 6-7.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

We must first consider the timeliness of Appellant's PCRA petition because it implicates the authority of this court to grant any relief. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when an Appellant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on October 25, 2012, 30 days after the trial court imposed sentence in Case Nos. CP-51-CR-0008038-2012 and CP-51-CR-0008039-2012, and the time for filing a direct appeal with this Court expired. ***See id.*** Accordingly, Appellant had until October 25, 2013 to file a timely PCRA petition. ***See id.*** at § 9545(b)(1). Appellant's instant serial petition was filed on September 30, 2019, nearly 6 years late, and is patently untimely, unless he can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Instantly, we find that Appellant has failed to explicitly plead, let alone prove, any of the statutory exceptions to the PCRA time-bar set forth in

Section § 9545(b)(1). Our Supreme Court has repeatedly recognized that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) (citation omitted).[1]

Moreover, despite Appellant's claims to the contrary, we emphasize that "there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist," as is the case here, "then a hearing is not necessary." ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa.Super. 2019) (citation and internal brackets omitted), ***appeal denied***, 218 A.3d 380 (Pa. 2019).

_____

[1] Even assuming that Appellant's argument could be construed as an attempt to invoke the "new constitutional right" exception to the time-bar based upon our Supreme Court's recent decision in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), which Appellant fails to argue in his brief, we find that this claim would be meritless. ***Bradley*** permits a PCRA petitioner to "raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so," ***id.*** at 401, which is not the case in the instant matter. Here, Appellant has filed several untimely PCRA petitions years after the denial of his first petition. This Court has continually declined to extend the holding of ***Bradley*** to cases involving untimely or serial petitions. ***See Commonwealth v. Dixon***, 290 A.3d 702 (Pa.Super. 2022) (unpublished memorandum) (holding ***Bradley*** does not trigger the timeliness exception at Section 9545(b)(1)(iii)); ***Commonwealth v. Mead***, 277 A.3d 1111 (Pa.Super. 2022) (unpublished memorandum), ***appeal denied***, 284 A.3d 118 (Pa. 2022) (emphasizing that ***Bradley*** involved a timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition); ***Commonwealth v. Morton***, ___ A.3d ___, 2023 WL 118686 (Pa.Super. 2023) (unpublished memorandum) (holding that appellant's reliance on ***Bradley*** does not afford relief in his appeal from the denial of his untimely, second PCRA petition).

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's petition as untimely and affirm its July 26, 2022 order.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/4/2023*